UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY,<br><br>               Plaintiff,<br><br>     v.<br><br>FEDERAL EXPRESS CORP.,<br><br>               Defendant. | No. 2:21–cv–142–KJM–KJN PS<br><br>FINDINGS & RECOMMENDATIONS<br><br>(ECF No. 1, 2.) |

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

///

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff's complaint is largely a collection of conclusory statements and legalese, with apparent little meaning attached to the averments.  As best the court can tell, plaintiff alleges some kind of injury occurred on or after November 5, 2019, by some unnamed action(s) taken by

2

1  "defendants."  Plaintiff references an assault, later mentions an individual not named as a
2  defendant, and some other court case brought in federal court.  Finally, plaintiff appears to be
3  attempting to raise a negligence claim against defendant Federal Express related to removal of a
4  case to federal court.  Plaintiff seeks $5 million in damages.  (ECF No. 1.)  Appended to the
5  complaint are (a) a letter from 2007 related to some injuries sustained during Operation Iraqi
6  Freedom, and (b) progress notes indicating a psychiatric discharge, which references a diagnosis
7  of "bipolar I disorder manic episode with psychotic features."  (See Id.)

8      Plaintiff's complaint, to the extent that it is intelligible, does not remotely allege sufficient
9  facts from which the court can draw a reasonable inference that he has claims against defendant.
10 The closest the complaint comes to stating facts in relation to some incident comes in par. 3,
11 where plaintiff appears to be attempting to raise a negligence claim against defendant Fed. Ex.
12 related to removal of a case to federal court.  However, assuming for the sake of argument there
13 was a removal to federal court, this is allowed by law.  See 28 U.S.C. § 1441.  Thus, the court
14 sees no plausible claim for negligence based on this alleged conduct.  Twombly, 550 U.S. at 570.
15 The remainder of plaintiff's statements appear disconnected from defendant, as do plaintiff's two
16 attachments.

17     For these reasons, the complaint is subject to dismissal for failure to state a claim and for
18 otherwise being wholly frivolous.  See Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1227-28.
19 Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because the
20 record here shows that plaintiff would be unable to cure the above-mentioned deficiencies
21 through further amendment of the complaint, the court concludes that granting leave to amend
22 would be futile.  Cahill, 80 F.3d at 339.

23     **RECOMMENDATIONS**

24     Accordingly, IT IS HEREBY RECOMMENDED that:
25     1.  The action be DISMISSED WITH PREJUDICE; and
26     2.  The Clerk of Court be directed to CLOSE this case.
27 These findings and recommendations are submitted to the United States District Judge assigned to
28 the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 27, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

murp.142